**Your Missouri Courts**

Search for Cases by: Select Search Method... ▾

.net

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print

GrantedPublicAccess  Logoff PJDUNNE1956

**19SL-CC00656 - BTR, P.C. V CITY OF CHESTERFIELD, MISSOURI (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending

Display Options: All Entries ▾

---

**03/22/2019** ☐ **Corporation Served**
Document ID - 19-SMCD-7; Served To - CITY OF CHESTERFIELD, MISSOURI; Server - BAUMGARTNER, REX; Served Date - 21-MAR-19; Served Time - 00:00:00; Service Type - Territory 11; Reason Description - Served; Service Text - L/C

**03/18/2019** ☐ **Summons Issued- Condemnation**
Document ID: 19-SMCD-7, for CITY OF CHESTERFIELD, MISSOURI.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/15/2019** ☐ **Motion Hearing Scheduled**
Scheduled For: 04/26/2019;  10:30 AM ;  STANLEY JAMES WALLACH;  St Louis County

**03/12/2019** ☐ **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
**Filed By:** CHANTAL BERNADETTE METHOT
**On Behalf Of:** BTR, P.C.

**03/11/2019** ☐ **Notice**
☐ **Judge Assigned**
The Above Cause is Assigned to Division _12___, By Order of the Presiding Judge, For Hearing and Determination. Notice Mailed This Day to Parties of Record and Copy Filed.

**03/08/2019** ☐ **Order to Transfer**
CAUSE TRANSFERRED FROM DIVISION 20 TO THE CIRCUIT CLERK FOR REASSIGNMENT SO ORDERED: JUDGE MICHAEL D. BURTON IN ABSENCE OF JUDGE GLORIA CLARK RENO

**02/20/2019** ☐ **Judge/Clerk - Note**
PLEASE CONTACT THE DIV FOR YOUR HEARING DATE. ONCE HEARING DATE IS SET, CONTACT THE SUMMONS DEPT FOR SUMMONS TO BE ISSUED.
☐ **Judge Assigned**
DIV 20

**02/13/2019** ☐ **Filing Info Sheet eFiling**
**Filed By:** DAN J KAZANAS
☐ **Pet Filed in Circuit Ct**
Petition for Inverse Condemnation-Taking, Violations of Due Process, and Judicial Review.
**On Behalf Of:** BTR, P.C.

---

Case.net Version 5.14.0.8          Return to Top of Page          Released 03/12/2019

**19SL-CC00656**

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
### 21st JUDICIAL CIRCUIT

|  |  |  |
|---|---|---|
| BTR, P.C. | ) | |
| | ) | |
| Plaintiff, | ) | Cause No: _____ |
| vs. | ) | |
| | ) | |
| CITY OF CHESTERFIELD, MISSOURI | ) | Division No.: _____ |
| | ) | |
| *Serve At:* | ) | |
| | ) | |
| *Vickie Hass, City Clerk* | ) | |
| *690 Chesterfield Pkwy West* | ) | |
| *Chesterfield, Missouri 63017* | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION FOR INVERSE CONDEMNATION/TAKING,
### VIOLATIONS OF DUE PROCESS, AND JUDICIAL REVIEW

COMES NOW Plaintiff BTR, P.C., by and through the undersigned counsel, and for its

Petition for Inverse Condemnation/Taking, Violations of Due Process, and Judicial Review

against Defendant City of Chesterfield, Missouri, states as follows:

### Introduction

1.       This is a cause of action seeking injunctive and declaratory relief, damages, and

legal fees and costs relating to Defendant City of Chesterfield, Missouri's (the "Defendant")

actions that have resulted in an improper and unconstitutional taking of Plaintiff BTR, P.C.'s (the

"Plaintiff") real property, located at 2264 Clarkson Road, Chesterfield, Missouri 63017 (the

"Subject Property") in violation of the U.S. Constitution and the Missouri Constitution when

Defendant denied Plaintiff's request for a zoning map amendment of the Subject Property from

an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a

"PC" Planned Commercial District, effectively confiscating the Subject Property from Plaintiff

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

and making it into a park/vacant lot for the quasi-exclusive benefit for itself and some local residents.

2.      Plaintiff's claims arise under the Fifth and Fourteenth Amendments of the U.S. Constitution; Article I, Sections 26 and 28 of the Missouri Constitution; and 42 U.S.C. §§ 1983 and 1988.

**The Parties**

3.      Plaintiff is a Professional Corporation in good standing, created under the laws of the State of Missouri, with its principal place of business located in St. Louis County, Missouri.

4.      Plaintiff is the owner of the Subject Property.

5.      For more than twenty-five years, Plaintiff owned and operated a small business (a veterinary clinic) in the City of Chesterfield, Missouri, serving the residents of Chesterfield Missouri and surrounding communities.

6.      Defendant is a municipal corporation organized in 1988 and existing under the laws of Missouri as a Third-Class City pursuant to the provisions set forth in the Missouri Revised Statutes ("Mo. Rev. Stat.") §72.030, wholly located in St. Louis County, Missouri.

**Jurisdiction and Venue**

7.      This Court has jurisdiction over of this cause of action to correct the improper taking and confiscation of the Subject Property without just compensation, and in destroying the value of the Subject Property for reasons unrelated to the principle that landowners may use and develop property in accordance with established expectations.

8.      Venue of this cause of action is proper as well before this Court because the Subject Property, the Defendant and the acts, omissions and wrongful conduct alleged herein all are located and occurred in St. Louis County, Missouri.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

**The Subject Property**

9.     The Subject Property is currently a vacant lot encompassing approximately 0.9 acres.

10.     The Subject Property has been a vacant lot with dual zoning for decades.

11.     In 2017, Plaintiff purchased the Subject Property with the reasonable expectation that it could build a small professional building on the Subject Property.

12.     The Subject Property abuts to its south the Clarkson-Wilson Center, a commercial shopping center that contains multiple commercial buildings and businesses (the "Shopping Center"), including space formerly leased by the Plaintiff in the operation of its veterinary clinic. To the west of the Subject Property, across Clarkson Road (a/k/a Missouri Highway 340, which is a four-lane highway) is the Bucholtz Mortuary, consisting of a 13,500 square foot commercial building with significant parking on a 3-acre lot.  The Shopping Center was built in or around 1970, and the mortuary was built in 1994.  Both the Shopping Center and the Bucholtz Mortuary abut residential properties, and along Clarkson Road there are multiple examples of commercial and residential properties existing side-by-side.

13.     The Subject Property is bordered generally by Clarkson Road to the west, Clarkson Woods Drive to the north, a residential subdivision known as Clarkson Woods Subdivision to the east, and the Shopping Center to the south.

14.     On the easternmost portion of the Subject Property running north and south there is a road created pursuant to easement that allows ingress-egress solely to the Shopping Center from Clarkson Woods Drive (the "Easement Road").  This easement and existing road has been in place for decades.

3

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

15.    The owners of the Shopping Center maintain the Easement Road, which serves the commercial Shopping Center and does not provide ingress or egress to or from the Clarkson Woods Subdivision.

16.    The Easement Road diminishes the amount of the Subject Property that Plaintiff may use for any purpose, and it serves as a buffer between that portion of the Subject Property that would contain the improvements that Plaintiff desires to build, and the solid fence of the one home in Clarkson Woods Subdivision that is adjacent to the Subject Property to the east.

17.    The Clarkson Woods Subdivision has ingress-egress from Clarkson Road into the subdivision via Clarkson Woods Drive directly to the north of the Subject Property.  Further north, on the other side of Clarkson Woods Drive and set back from that drive, are several homes in Clarkson Woods Subdivision.

18.    A monument-type signage relating to and advertising the Clarkson Woods Subdivision has been constructed on an additional easement on the Subject Property at the southeast corner of the intersection of Clarkson Road and Clarkson Woods Drive.

19.    The Subject Property is burdened uniquely by two different and conflicting zoning classifications established decades ago when the commercial and residential developments were planned and initiated by Defendant.

20.    Approximately 33% of the Subject Property is zoned commercial (C-8 Planned Commercial) and 67% is zoned residential (R-2 Residential District), and as noted above, portions of the Subject Property contain the Easement Road and the monument-type signage both for commercial purposes.

21.    The C-8 portion of the Subject Property abuts the rear of the Shopping Center on the south side of the Subject Property, but that portion of the Subject Property is too small and

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

landlocked to support a commercial development, or for that matter any building improvement development, on its own.

22.     The R-2 portion of the Subject Property is too small to construct a residence because of setback and other restrictions established by Defendant, plus it is in a location where any residence constructed (if at all possible) would be undesirable and without any real market.

23.     Upon information and belief, at one time many years ago, the Subject Property was included within the boundaries of the land that became the Clarkson Woods Subdivision, but the Subject Property was excluded from the s Clarkson Woods Subdivision during platting, and did not become, and currently is not, part of the residential Clarkson Woods Subdivision because of the intentional decision by the prior owners or developers of the subdivision land when they were establishing the boundaries of the Clarkson Woods Subdivision.

24.     In 1972, the land on which the Shopping Center was built was platted to create two separate lots, with the Shopping Center on one lot and the adjoining Subject Property designated "Lot 2" and labeled for "Future Development Proposed."  Upon information and belief, this commercial platting and commercial expectation occurred as part of the original owners' and/or developers of the subdivision land decision to exclude the Subject Property from the Clarkson Woods Subdivision boundaries and to include the Subject Property on land expected to be commercially developed.

25.     Upon information and belief, the Subject Property's split-zoning was not corrected earlier because Lot 2 was not ready for future commercial development when the Shopping Center was developed and there was no immediate need to rezone the entire Subject Property as C-8 to correct the anomaly of the split-zoning.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

26.     Upon information and belief, the Subject Property was subject to split-zoning when Defendant was incorporated in 1988 and is still subject to this untenable zoning.

**Plaintiff's Acquisition of The Subject Property**

27.     The veterinary clinic owned and operated by Plaintiff was a successful small business in the City of Chesterfield, Missouri for many years, and it was located within the Shopping Center, approximately 50 feet from the southeast corner of the Subject Property.

28.     Plaintiff's intent and expectation prior to purchase the Subject Property was to acquire the Subject Property, rezone it so that its split-zoning would change to an economically-viable commercial classification, and create professional space for an appropriate small business such as a veterinary, medical or dental clinic or for another non-retail small business in an attractive and conforming residential-style building.

29.     Months prior to contracting for the purchase of the Subject Property, Plaintiff informed the then Trustees of the Clarkson Woods Subdivision of its intended use of the Subject Property (as explained above) and to obtain assurances that the Trustees generally were agreeable to the Plaintiff's intended use of the Subject Property.  Plaintiff had been a good neighbor for many years and its clients include residents of the subdivision.  Plaintiff desired then, and still desires, to develop an attractive and appropriate building that would not be out of place in the space between the subdivision and the Shopping Center.

30.     Informing the then Trustees of the Clarkson Woods Subdivision of Plaintiff's intended use of the Subject Property (as explained above) was not because of any duty or requirement to obtain approval from the residential neighbors, but rather as part of the desire to be a good neighbor. At such time, the then Trustees of the Clarkson Woods Subdivision expressed no objections to Plaintiff's plan, and in fact, embraced it.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

31.     In reliance on these assurances and on an expectation that the Defendant would permit the rezoning of the Subject Property from existing as a worthless vacant lot unusable for any residential or commercial use to fulfill the commercial development of the lot contemplated when the commercial space was platted, Plaintiff purchased the Subject Property.

32.     Plaintiff also relied upon the fact that the Subject Property abutted the commercial Shopping Center, is burdened by the commercial Easement Road, the general commercial nature of that part of Clarkson Road adjacent to residential areas, and the fact that the Subject Property had been excluded intentionally from the boundaries of the residential subdivision by prior owners of the subdivision land.

### History of Plaintiff's Rezoning Effort

33.     In the months following Plaintiff's purchase of the Subject Property, Plaintiff diligently undertook reasonable steps in expectation that the Subject Property would be appropriately zoned with one classification as planned in platting the land many years ago, permitting a commercial building to turn the valueless vacant lot into an economically-viable property for appropriate small businesses.

34.     In pursuit of this zoning, and though not required for it, Plaintiff retained architects, landscape designers and engineers to provide concept drawings and plans so that Defendant and Defendant's residents could see the kind of appropriate development Plaintiff contemplated for the Subject Property.

35.     In early 2018, Plaintiff presented its rezoning application to the Defendant.

36.     During the process to obtain rezoning, Plaintiff made revisions to its plans to conform with recommendations and observations made by Defendant's Planning Commission staff, which were described to Plaintiff as revisions designed to address various concerns voiced

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

by some Clarkson Woods Subdivision residents.  As part of Plaintiff's effort to be a good neighbor, Plaintiff spent time and money to adjust the plans.

37.    During the rezoning process with Defendant, Plaintiff agreed to Defendant's imposed significant limitations on the type of businesses to be located in the building for the Subject Property. Again, this was also to conform with recommendations and observations made by Defendant's Planning Commission staff, and to address various concerns voiced by some Clarkson Woods Subdivision residents.

38.    Plaintiff expressly limited the uses that would be permitted on the Subject Property to accommodate Defendant's Planning Commission staff's concerns, and to ensure that the nature and character of the actual commercial uses would be appropriate and the actual structure would blend in with the surrounding businesses and residences.

39.    The uses to which Plaintiff limited the Subject Property after rezoning were significantly more restricted than those allowed in the Shopping Center (which includes restaurants and retailers with business hours that extend into the evening) and/or in the uses permitted in Defendant's C-8 zoning for other commercial developments, and additionally, the many uses generally allowed in a "PC" Planned Commercial District.

40.    Plaintiff expended significant time and money to, among other things, modify its application to accommodate Defendant's Planning Commission staff's concerns.

41.    Plaintiff expended significant time and money to, among other things, modify its application to also accommodate Clarkson Woods Subdivision residents' expressed concerns.

42.    After several meetings with staff and modifications of plans, Defendant's Planning Commission recommended the rezoning of the Subject Property by a unanimous 8-0 vote. The vote occurred even though, at a public hearing before the vote, some neighbors of the

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

Clarkson Woods Subdivision expressed concerns with any change from the Subject Property's use as a vacant lot and a free park for them.

43.     After unanimous recommendation of the rezoning, some residents of Clarkson Woods and others continued their campaign to oppose the rezoning and to force Plaintiff to keep the Subject Property a vacant lot and a free park or open space for them.

44.     Though there was support expressed for Plaintiff's rezoning and development plans by residents of the subdivision, an organized, small group of the Clarkson Woods Subdivision's residents – led by a Defendant City Councilwoman - expressed objections to Plaintiff's proposed redevelopment, including the same objections stated at the first reading of Plaintiff's rezoning ordinance.

45.     Many of the objections to the Plaintiff's rezoning request were based on demonstrably unreasonable and unsubstantiated premises and a naked desire to force Plaintiff to keep the property a vacant lot for the sole benefit of the objectors as a park or as an open space.

46.     Plaintiff continued to try to accommodate neighbor concerns, but the objecting residents would accept only that Plaintiff construct a residential house on the Subject Property (which is impossible) or retain the Subject Property as a vacant lot or park space for the objecting residents' benefit.

47.     Though its own duly-appointed Planning Commission had approved the project by a unanimous 8-0 vote, on September 17, 2018, at the scheduled monthly meeting of Defendant's City Council, the Defendant's City Council yielded to political and other pressure and voted against Plaintiff's rezoning application by a unanimous 8-0 vote.  While a presentation of the proposal approved by Defendant's Planning Commission occurred and Defendant's City Council permitted unsworn short comments from residents to be made, Defendant's City Council

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

made no analysis of the effects on Plaintiff of the decision to reject the zoning and thereby take and confiscate Plaintiff's property for public use as a vacant lot for the benefit of some neighbors and for the political interests of the members of the Defendant's City Council.

48.     Defendant's City Council did not render any formal decision nor did Defendant's City Council identify any realistic uses that its decision would permit on the Subject Property. Defendant's City Council did not identify any economic value for the Subject Property under the zoning it retained in place, nor did it describe any reasons why its political members ignored the unanimous approval of the project by Defendant's Planning Commission and staff charged with making recommendations about rezoning requests such as the one at issue here.  Defendant's City Council further did not acknowledge the split-zoning of the Subject Property and the fact that the surrounding area contained other commercial properties adjacent to residential properties.

49.     While the area at issue is also within a Comprehensive Land Use Plan area, that Plan has been modified and amended many times over the years, and at the time of Defendant's City Council's decision noted above, Defendant was soliciting qualifications from individuals and/or firms to develop an updated Comprehensive Land Use Plan to address opposition to developments and to reflect recent development trends within Defendant's boundaries. Plaintiff's requested rezoning fits within Defendant's recognition of the need to revise the existing Comprehensive Land Use Plan, and the requested rezoning is within the power and duty of Defendant to approve.

50.     The Subject Property has no residential use because, as admitted by the Defendant in the rezoning process initiated by Plaintiff, a residential house cannot be built on it because of Defendant's setback requirements.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

51.     Additionally, the Subject Property has no residential use because, among other reasons, of the existence of the commercial Easement Road, and because the Subject Property abuts Clarkson Road and the back of the Shopping Center and there is a large commercial mortuary across the Clarkson Road to the west of the Subject Property.

52.     The Subject Property has no commercial use because much of it is zoned for residential use only and, as noted above, the 33% commercially-zoned portion of the Subject Property is landlocked and directly abuts the back of the Shopping Center.

53.     The current zoning of the Subject Property does not permit development for either residential or commercial use, making the real property worthless and without any economic viability unless the requested zoning change is permitted.

54.     Because Defendant decided to reject Plaintiff's request to rezone the Subject Property, Defendant has taken and confiscated Plaintiff's Subject Property to force it to remain a vacant lot or a free park for the quasi-exclusive benefit for itself and some local residents, and has destroyed all value to Plaintiff for this property.

55.     The action of Defendant to reject rezoning has taken and confiscated Plaintiff's property to force it to remain an open-space vacant lot or free park.

56.     Defendant's decision has destroyed Plaintiff's investment-backed expectations, and has destroyed all of Plaintiff's expected value in the Subject Property because, as zoned, the Subject Property cannot support either a residential or a commercial use.

57.     Defendant did not weigh the nature and extent of the conflicting surrounding residential and commercial developments nor did it consider the history of the split-zoning of the Subject Property, including the intentional exclusion of the Subject Property from the residential

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

subdivision and the described use of the Subject Property as part of a future commercial development adjacent to the Shopping Center.

58.     There is no significant use for the Subject Property as currently zoned and it will remain a vacant lot or free park with an economic value at less than zero based on the costs to Plaintiff of owning and maintaining property that, because of improper zoning, has no possible residential or commercial use.

59.     Plaintiff's investment-backed expectations were consistent with good planning practice, were made in a manner that is not detrimental to the permitted developments and uses in a "PC" Planned Commercial District, and the plans were visibly compatible with the permitted uses of the surrounding area, were desirable to preserve and promote the public health, safety and general welfare of the City of Chesterfield, Missouri, and were reasonable based on (a) the surrounding area including abutting commercial developments, (b) the outdated and likely mistaken split-zoning of the Subject Property, (c) the history of the Subject Property being excluded from the residential subdivision, (d) the initial support from the Trustees of the residential subdivision, and (e) the actual abutment to the Shopping Center, the identification of the Subject Property as Lot 2 and a future development on relevant plats.

60.     Defendant's action in refusing to allow any reasonable commercial development of the Subject Property was not reasonable and intentionally destroyed all value to the property.

61.     Defendant's refusal to rezone and approve development of the Subject Property serves as a per se taking of and a physical invasion and confiscation by the government on the property because Defendant did not merely adjust the benefits and burdens of economic life to permit a less than full economic use rather than another economic use.  Rather, Defendant

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

refused to permit Plaintiff any economically valuable use of the Subject Property, including a use totally in compliance with the adjoining commercial Shopping Center.

62.     Defendant's actions have resulted in a taking and confiscation of private property without any benefit to the public good or use, and reveal Defendant's intention to take the Subject Property and to force it to remain a vacant lot or free park.

63.     Defendant is also void of any ordinance that would have required Defendant to provide the Plaintiff regarding its application for rezoning of the Subject Property with a hearing conducted on the record, in which for instance, witnesses would give testimony under oath and be examined and cross-examined, formal rules of evidence would be followed, and/or Defendant would need to render written findings of fact and conclusions of law.

64.     In addition, Mo. Rev. Stat. §536.150 of MAPA provides that municipality's decisions made in the course of applying and/or enforcing zoning ordinances in noncontested cases are subject to judicial review if such a decision affects *"the legal rights, duties or privileges of any person...." see* §536.150.1, and *Hagely v. Board of Educ. of Webster Groves School Dist.,* 841 S.W.2d 663, 667 (Mo. banc 1992).

65.     Furthermore, in a review under Mo. Rev. Stat. §536.150 of a noncontested case, the standard of review is *de novo.*  That is, the trial court reaches its judgment without reference to the evidence upon which the administrative decision was made; but instead, the trial court reaches its judgment based upon the evidence it hears and receives in order to determine the validity of the administrative decision(s).  *See also See State v. Missouri State Highway Patrol,* 168 S.W.3d 122, 128 (Mo. banc 2005), which held that: *"...the trial court's review should... [be] confined to the 'exclusively legal considerations' of whether the [decision] was unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involved an abuse of discretion."*

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

**Count I -- Inverse Condemnation/Taking**

66.     Plaintiff restates and incorporates by reference as if fully set forth herein, the paragraphs and allegations set forth above.  To the extent that allegations contained in this Count are inconsistent with any other allegations contained in this Petition, the allegations contained in this Count are made in the alternative.

67.     Defendant's September 17, 2018 unanimous 8-0 vote against Plaintiff's rezoning application included a "no" vote from Councilwoman Michelle Ohley who, because of personal interest and animus, should have recused herself as required by municipal ordinances and Missouri law.

68.     Defendant's conduct and actions herein were not warranted by the facts, were illegal, unjust, arbitrary, capricious, unauthorized, willful, malicious and aimed at harming a Missouri small business, forcing said small business to own the Subject Property that is a valueless vacant lot.

69.     Upon information and belief, Defendant's arbitrary and capricious decision was improperly influenced by, and served to benefit, one member of Defendant's City Council who resided in the Clarkson Woods subdivision. Ms. Ohley is a resident in the Clarkson Woods Subdivision, and, upon information and belief has advised current subdivision trustees and residents on how to object to the proposed development, personally lobbied and pressured other members of Defendant's City Council to reject the requested development and zoning for her benefit, and voted on a matter personally affecting her.

70.     Defendant's action as described herein has destroyed the economic value of the Plaintiff's Subject Property, and Defendant has thereby de facto taken and confiscated the

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

Plaintiff's Subject Property for a public use or purpose by depriving Plaintiff' vested right in a conforming use on the Subject Property.

71.     Defendant's actions have taken Plaintiff's property <u>per se</u> or, alternatively, the actions have resulted in a compensable taking of the property, in violation of the U.S. Constitution and the Missouri Constitution.

72.     Despite demand, Defendant has failed and refused to pay the Plaintiff just compensation for de facto taking and depriving Plaintiff' vested right in a conforming use on the Subject Property.

73.     In addition, Plaintiff have suffered other damages in the form of interest charges on outstanding debt, the cost of insuring, repairing, and maintaining the Subject Property, and lost income due to inability of operating a small business (such as a veterinary clinic) on the Subject Property since the date the date of Defendant's de facto taking and depriving Plaintiff' vested right in a conforming use on the Subject Property.  Such other damages are continuing.

WHEREFORE, Plaintiff BTR, P.C. respectfully requests this Court:

I.   Find the denial by Defendant City of Chesterfield, Missouri — through its City Council, directly contrary to the recommendations of its Planning and Zoning Commission — of Plaintiff's request for a zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District were not warranted by the facts, were illegal, unjust, arbitrary, capricious, unauthorized, and contrary to the provisions of the Defendant's zoning code; and/or were in violation of the laws of the State of Missouri and contrary to the general purpose and interest of the laws of

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

the State of Missouri; and/or were in violation of the U.S. Constitution and the Missouri Constitution;

II.  Order Defendant to reverse such denial and issue to Plaintiff its requested zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District;

III. Render judgment in favor of Plaintiff and against Defendant in an amount in excess of the jurisdictional amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) for its damages for the taking of Plaintiff's property either permanently if the denial of the rezoning is not reversed or for the period of time from the date Defendant's actions prevented proper zoning and approval of the plans, to the date Defendant actually approves the zoning and development, which damages should at least include losses suffered by Plaintiff for the period of the taking, all to be proven at trial; and

IV.  Award Plaintiff its attorneys' fees, the court cost and other expenses that Plaintiff has and will incurred in this case; and

V.   Award Plaintiff such other and further or different relief, as this Court deems lawful and proper.

**Count II -- Violations of Due Process**

74.    Plaintiff restates and incorporates by reference as if fully set forth herein, the paragraphs and allegations set forth above. To the extent that allegations contained in this Count are inconsistent with any other allegations contained in this Petition, the allegations contained in this Count are made in the alternative.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

75.     Defendant's actions have violated Plaintiff's substantive due process rights to control the Subject Property found in the Fifth and Fourteenth Amendments to the U.S. Constitution, and its actions entitle Plaintiff to resulting damages pursuant to 42 U.S.C. §§ 1983 and 1988.

76.     The Subject Property is a property interest protected by the U.S. Constitution.

77.     Defendant's intentional actions are truly irrational and outside the scope of appropriate actions by a city, for reasons identified herein and others that may be discovered prior to trial, including, but not limited to: ignoring the unanimous finding and recommendation of the Defendant's Planning Commission to approve rezoning; refusing to rezone knowing that said refusal destroyed all value in the Subject Property or forced an unreasonable reduced value, to Plaintiff or to any subsequent owner of the Subject Property; permitting a Council member to vote and participate in the Defendant's City Council's voting and consideration although the member had a conflict of interest as a resident of Clarkson Woods Subdivision; and refusing to acknowledge or weigh the totality of the surrounding area and the prior decision to exclude the Subject Property from the residential subdivision and to include the Subject Property as Lot 2 of two lots existing for the Shopping Center for future development.

78.     In addition to declaratory and injunctive relief to rezone and permit the construction of an appropriate small business building, Plaintiff is entitled to damages for the period of time from the date Defendant's actions prevented proper zoning and approval of the plans, until Defendant actually approves the zoning and development, which damages should at least include losses suffered by Plaintiff for the period of the taking, including attorney fees and other costs and expenditures caused by this delay and the requirement to have the

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

unconstitutional taking stopped. The requested remedy herein falls under 42 U.S.C. §§1983 and 1988 for truly egregious and extraordinary improper government actions.

79.    Alternatively, if declaratory or injunctive relief is not ordered, Plaintiff requests damages, fees and costs under 42 U.S.C. §§ 1983 and 1988 for the improper taking of Plaintiff's property by truly egregious and extraordinary improper government actions.

WHEREFORE, Plaintiff BTR, P.C. respectfully requests this Court:

I.    Find the denial by Defendant City of Chesterfield, Missouri — through its City Council, directly contrary to the recommendations of its Planning and Zoning Commission — of Plaintiff's request for a zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District were not warranted by the facts, were illegal, unjust, arbitrary, capricious, unauthorized, and contrary to the provisions of the Defendant's zoning code; and/or were in violation of the laws of the State of Missouri and contrary to the general purpose and interest of the laws of the State of Missouri; and/or were in violation of the U.S. Constitution and the Missouri Constitution;

II.    Order Defendant to reverse such denial and issue to Plaintiff its requested zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District;

III.    Render judgment in favor of Plaintiff and against Defendant in an amount in excess of the jurisdictional amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) for its damages for the period of time from the date Defendant's

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

actions prevented proper zoning and approval of the plans, to the date Defendant actually approves the zoning and development, which damages should at least include losses suffered by Plaintiff for the period of the taking, all to be proven at trial; or in the alternative, if declaratory or injunctive relief requiring proper rezoning and development is not ordered, Plaintiff requests damages, fees and costs under 42 U.S.C. §§ 1983 and 1988 for the improper taking of Plaintiff's property by truly egregious and extraordinary improper government actions in an amount in excess of the jurisdictional amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), all to be proven at trial; and

IV.    Award Plaintiff its attorneys' fees, the court cost and other expenses that Plaintiff has and will incurred in this case; and

V.    Award Plaintiff such other and further or different relief, as this Court deems lawful and proper.

### Count III -- Judicial Review

80.    Plaintiff restates and incorporates by reference as if fully set forth herein, the paragraphs and allegations set forth above.  To the extent that allegations contained in this Count are inconsistent with any other allegations contained in this Petition, the allegations contained in this Count are made in the alternative.

81.    Defendant's decision in this matter, a noncontested matter under Missouri law, was not lawfully exercised and was arbitrary and capricious, with no consideration or analysis of the economic or property right consequences of its decision on the Plaintiff, and without any competent or substantial evidence on the record to support Defendant's decision, and in violation of the property rights of the Plaintiff established by the constitutions of Missouri and the United

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

States, thereby making the challenged decision a non-discretionary decision not subject to any deference or controlling consideration.

82.     This Court is to review the decision de novo under the facts as they appear to the Court because Defendant's decision ignored constitutional requirements and the related analysis required when property rights and expectations are being taken, thereby making the decision to take property without compensation not one legally vested in Defendant's discretion in considering rezoning requests.

83.     To remedy the above-described taking, Plaintiff seeks declaratory and injunctive relief ordering Defendant to approve Plaintiff's rezoning request and to approve the proposed development forthwith, or alternatively, Defendant be required to pay for the property it has taken for vacant land or park purposes.

84.     In addition, Plaintiff is entitled to damages for the period of time from the date Defendant's actions prevented proper zoning and approval of the plans, to the date Defendant actually approves the zoning and development, which damages should at least include losses suffered by Plaintiff for the period of the taking, including attorney fees and other costs and expenditures caused by this delay and the requirement to have the unconstitutional taking stopped.

85.     Furthermore, Plaintiff have suffered other damages in the form of interest charges on outstanding debt, the cost of insuring, repairing, and maintaining the Subject Property, and lost income due to inability of operating a small business (such as a veterinary clinic) on the Subject Property since the date the date of Defendant's de facto taking and depriving Plaintiff' vested right in a conforming use on the Subject Property.  Such other damages are continuing.

Electronically Filed - St Louis County - February 13, 2019 - 01:22 PM

86.     If a wrongful taking is found, but Defendant is not ordered to change the zoning, damages for the taking should be awarded, to include the loss of property value and the economic expectations for the Subject Property, plus costs (including all costs that might be required by Defendant to maintain an otherwise valueless vacant lot) and fees, including attorney fees.

WHEREFORE, Plaintiff BTR, P.C. respectfully requests this Court:

I.      Find the denial by Defendant City of Chesterfield, Missouri — through its City Council, directly contrary to the recommendations of its Planning and Zoning Commission — of Plaintiff's request for a zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District were not warranted by the facts, were illegal, unjust, arbitrary, capricious, unauthorized, and contrary to the provisions of the Defendant's zoning code; and/or were in violation of the laws of the State of Missouri and contrary to the general purpose and interest of the laws of the State of Missouri; and/or were in violation of the U.S. Constitution and the Missouri Constitution;

II.     Order Defendant to reverse such denial and issue to Plaintiff its requested zoning map amendment of the Subject Property from an "R2" Residence District (15,000 square foot minimum) and "C-8" Planned Commercial to a "PC" Planned Commercial District;

III.    Rendered judgment in favor of Plaintiff and against Defendant City of Chesterfield, Missouri in an amount in excess of the jurisdictional amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) for its damages for the

taking of the Subject Property, to include the loss of property value and the economic expectations for the Subject Property, plus costs (including all costs that might be required by Defendant to maintain an otherwise valueless vacant lot) and fees, all to be proven at trial; and

IV.    Award Plaintiff its attorneys' fees, the court cost and other expenses that Plaintiff has and will incurred in this case; and

V.    Award Plaintiff such other and further or different relief, as this Court deems lawful and proper.

Dated:  February 13, 2019          **KAZANAS LC**

By: */s/ Dan J. Kazanas*
     DAN J. KAZANAS, MBN 31056
     CHANTAL B. METHOT, MBN 60604
     321 West Port Plaza Drive, Suite 201
     Saint Charles, Missouri 63146
     (314) 499-8174 (Phone)
     (314) 499-8173 (Facsimile)
     dan.kazanas@global-lawfirm.com
     chantal.methot@global-lawfirm.com

     ATTORNEYS FOR PLAINTIFF

**In the**

# CIRCUIT COURT
### of St. Louis County, Missouri

Plaintiff(s)
_BTR, PC_

vs.

Defendant(s)
_City of Chesterfield, MO_

Date _3/8/19_

Case Number _19SL-CC00656_

Division _20_

For File Stamp Only

# FILED
MAR 08 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*Cause transferred from Division 20 to the Circuit Clerk for reassignment.*

**SO ORDERED**

_M D Baxter  Div 16_

Judge

**ENTERED:** _3/8/19_
(Date)

| Attorney | Bar No. |
|---|---|
| Address | |
| Phone No. | Fax No. |
| Attorney | Bar No. |
| Address | |
| Phone No. | Fax No. |

CCOPR47-WS   Rev.  02/14

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri



**FILED**
**3/11/2019**
**JOAN M. GILMER**
**CIRCUIT CLERK**
**ST. LOUIS COUNTY**

| | |
|---|---|
| BTR, P.C. | March 11, 2019 |
| Plaintiff | Date |
| vs. | 19SL-CC00656 |
| | Case Number |
| CITY OF CHESTERFIELD, MISSOURI | DIV12 |
| Defendant | Division |

# CASE ASSIGNMENT MEMO

_____   **ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**
Pursuant to Local Rule 6.1, case __ assigned __ reassigned to Division  for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device.

_____   **POST CONVICTION RELIEF MOTION**
Pursuant to Local Rule 67.7, case __ assigned __ reassigned to Division  for hearing and determination.

__X___   **ASSIGNMENT TO CIRCUIT JUDGE**
Case __ assigned _X_ reassigned to Division 12  for hearing and determination.

_____   **CASE SET FOR HEARING**
Case set for hearing on _____ at _____.

So Ordered:

_Gloria C. Reno_
_____
Honorable Gloria C. Reno
Presiding Judge

AMEMO   10/18

Electronically Filed - St Louis County - March 12, 2019 - 01:23 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

|  |  |  |
|---|---|---|
| BTR, P.C. | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | Cause No: 19SL-CC00656 |
| City of Chesterfield, Missouri | ) | |
| | ) | Division No.:  12 |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**PETITIONER NOTICE OF HEARING**

PLEASE TAKE NOTICE that the undersigned counsel for Petitioner BTR, P.C. will call the cause for hearing on **April 26, 2019 at 10:30 a.m.** (or soon thereafter as these matters may be heard) in **Division 12** [Honorable Stanley James Wallach] of the Circuit Court of the County of St. Louis, Missouri, located at 105 S. Central Ave., Clayton, Missouri 63105.


Dated:  March 12, 2019                    **KAZANAS LC**

                                          By: */s/ Chantal B. Methot*
                                          DAN J. KAZANAS, #31056
                                          CHANTAL B. METHOT, #60604
                                          321 West Port Plaza Drive, Suite 201
                                          Saint Louis, Missouri 63146
                                          (314) 499-8174 (Phone)
                                          (314) 499-8173 (Facsimile)
                                          dan.kazanas@global-lawfirm.com
                                          chantal.methot@global-lawfirm.com

                                          ATTORNEYS FOR PETITIONER

Electronically Filed - St Louis County - March 12, 2019 - 01:23 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that an exact copy of the foregoing pleading was served upon each counsel of record via the Missouri eFiling System, which will send notification of such filing as of this March 12, 2019.

**KAZANAS LC**

By: */s/ Chantal B. Methot*
    CHANTAL B. METHOT, #60604



# IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number:  19SL-CC00656 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BTR, P.C.<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAN J KAZANAS<br>321 WEST PORT PLAZA DR.<br>SUITE 201<br>SAINT LOUIS, MO  63146<br>(314) 499-8174 | **SHERIFF FEE<br>PAID** |
| Defendant/Respondent:<br>CITY OF CHESTERFIELD, MISSOURI | Date, Time and Location of Court Appearance:<br>**26-APR-2019, 10:30 AM**<br>**RM. 480 NORTH, DIV 12**<br>**ST LOUIS COUNTY COURT BUILDING**<br>**105 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** | |
| Nature of Suit:<br>CC Other Real Estate Actions | | (Date File Stamp) |

## Summons (Condemnation)

The State of Missouri To:   CITY OF CHESTERFIELD, MISSOURI
                                          Alias:

**VICKIE HASS, CITY CLERK**
**690 CHESTERFIELD PKWY WEST**
**CHESTERFIELD, MO  63017**

***COURT SEAL OF***

CIRCUIT COURT OF MISSOURI

***ST. LOUIS COUNTY***

You are summoned to appear before this court on the date, time, and location above, where and when the attached petition of the plaintiff/petitioner in condemnation shall be heard by the court. The court shall decide if the relief sought in the petition should be granted and, if so, appoint commissioners to assess the damages which you may sustain. Failure to appear or plead to the petition shall result in judgment by default being taken against you for the appointment of condemnation commissioners to assess the damages you may have sustained and for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____3-18-2019_____          _____ */s/ Lakrisha Gardner* _____
                 Date                                                                     Clerk
Further Information:
LG

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days from the date the defendant/respondent is to appear in court.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years
who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address) in

_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                                     Signature of Sheriff or Server
                              **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

              My commission expires: _____          _____
                                                          Date                                            Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the motion must be served on **each** petitioner. For methods of service on all classes of suits, see Supreme Court Rule 54.

*3/21*
*return*
*VICKIE*

**IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI**

*3B 4/6*

| | |
|---|---|
| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 19SL-CC00656 |
| Plaintiff/Petitioner:<br>BTR, P.C. | Plaintiff's/Petitioner's Attorney/Address:<br>DAN J KAZANAS<br>321 WEST PORT PLAZA DR.<br>SUITE 201<br>SAINT LOUIS, MO 63146<br>(314) 499-8174 |
| vs. | **SHERIFF FEE**<br>**PAID**<br>~~FILED~~ |
| Defendant/Respondent:<br>CITY OF CHESTERFIELD, MISSOURI | Date, Time and Location of Court Appearance:<br>**26-APR-2019, 10:30 AM** | **MAR 2 2 2019** |
| Nature of Suit:<br>CC Other Real Estate Actions | **RM. 480 NORTH, DIV 12**<br>**ST LOUIS COUNTY COURT BUILDING**<br>**105 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO 63105** | JOAN M. GILMER<br>CIRCUIT CLERK, ST. LOUIS COUNTY<br>(Date File Stamp) |

## Summons (Condemnation)

The State of Missouri To: CITY OF CHESTERFIELD, MISSOURI
Alias:

VICKIE HASS, CITY CLERK
690 CHESTERFIELD PKWY WEST          *11 Baumre*
CHESTERFIELD, MO 63017

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above, where and when the attached petition of the plaintiff/petitioner in condemnation shall be heard by the court. The court shall decide if the relief sought in the petition should be granted and, if so, appoint commissioners to assess the damages which you may sustain. Failure to appear or plead to the petition shall result in judgment by default being taken against you for the appointment of condemnation commissioners to assess the damages you may have sustained and for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____3-18-2019_____          _/s/ Lakrisha Gardner_
Date                                      Clerk

Further Information:
LG

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days from the date the defendant/respondent is to appear in court.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_VICKIE HASS_ (name) _CITY CLERK_ (title).
☐ other: _____

Served at _SAME_ (address) in
_ST LOUIS_ (County/City of St. Louis), MO, on _3/21/19_ (date) at _925_ (time).

_Rex Baumgarton_          _[signature]_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                    Date                      Notary Public

*3 2019*